UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN-PAUL PRIMIANO<br><br>Plaintiff,<br><br>v.<br><br>VIGILANT INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-432-ML |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Vigilant Insurance Company ("Vigilant") hereby moves this Court for an Order dismissing all counts in Plaintiff John-Paul Primiano's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, Vigilant relies upon the accompanying memorandum of law.

VIGILANT INSURANCE COMPANY

By its Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dalt@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 7th, 2005, a true and correct copy of the foregoing Motion to Dismiss was served by U.S. mail, first-class postage prepaid, on:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN-PAUL PRIMIANO<br><br>Plaintiff,<br><br>v.<br><br>VIGILANT INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-432-ML |

**DEFENDANT VIGILANT INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant Vigilant Insurance Company ("Vigilant") submits this memorandum of law in support of its Motion to Dismiss Plaintiff John-Paul Primiano's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In Count I of his Complaint, Plaintiff alleges that Vigilant breached contractual obligations allegedly owed to him as an insured under a Vigilant homeowners insurance policy by failing to make payments for a loss that occurred on or about January 13, 2003. In Count II of his Complaint, Plaintiff alleges that Vigilant's failure to make payments under the terms of the insurance policy constitutes bad faith. Both counts of the Complaint, however, fail as a matter of law because they expired long before Plaintiff initiated this action. Count II also fails for a separate but equally compelling reason: Plaintiff cannot proceed on his bad faith claim because any recovery under the insurance policy - a prerequisite to bringing a bad faith claim under Rhode Island law - is now time-barred. Accordingly, this Court should grant Vigilant's motion and dismiss Plaintiff's Complaint in its entirety.

## I. STATEMENT OF FACTS

Plaintiff resides in Newport, Rhode Island, with a residential address of 61 Narragansett Avenue (the "Residence"). (See Complaint, ¶ 1). Vigilant is an insurance company that is licensed to conduct business in the State of Rhode Island. (See Complaint, ¶ 2). Plaintiff alleges that on or about July 18, 2002, he purchased a homeowner's insurance policy from Vigilant, designated as policy number 12302283-01 (the "Policy") (a copy of which is attached hereto as Exhibit A), for the purpose of insuring the Residence and its contents. (See Complaint, ¶ 6). Plaintiff alleges that the Policy took effect on January 13, 2003, and that he made the premium payments required by the Policy. (See Complaint, ¶ 7).

On or about January 13, 2003, Plaintiff allegedly suffered damage to the Residence and its contents, and thereafter purportedly notified Vigilant of a claim under the Policy. (See Complaint, ¶¶ 8-9). Plaintiff alleges that, despite the Policy's coverage for the damage to the Residence, Vigilant has refused to make payments under the Policy. (See Complaint, ¶¶ 10-13). It was not until October 18, 2005, more than two-and-a-half years after the Residence was allegedly damaged, that Plaintiff filed the underlying Complaint for breach of contract and bad faith.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the complaint states any claim upon which relief could be granted. See Greene v. Rhode Island, 289 F. Supp. 2d 5, 8 (D.R.I. 2003). Accordingly, the facts alleged in the plaintiff's complaint must be taken as true, and all reasonable inferences must be drawn in his favor. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Chongris v. Bd. of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987). However, when it appears that

the plaintiff would be unable to recover under any set of facts, the court should grant a defendant's motion to dismiss pursuant to Rule 12(b)(6). Greene, 289 F. Supp. 2d at 8 (citing Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996)). Moreover, it is well-settled within the First Circuit that a motion to dismiss based on a limitations defense is entirely appropriate when "the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 14 F.3d 507, 509 (1st Cir. 1998); see, e.g., Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Kali Seafood, Inc. v. Howe Corp., 887 F.2d 7, 9 (1st Cir. 1989).

## III. ARGUMENT

Plaintiff's Complaint fails as a matter of law, and must be dismissed with prejudice, because Counts I and II are barred by the one year limitations period contained in the Policy. Even apart from the fact that Count II is time-barred, it fails as a matter of law because the Rhode Island Supreme Court has made it clear that where recovery is barred under an insurance policy, the Plaintiff may not pursue an independent claim of bad faith.

### A. Counts I And II Of Plaintiff's Complaint Are Time-Barred.

It is well-settled in Rhode Island that the rights and obligations of parties to an insurance contract are to be determined based upon the terms of the agreement. See DiIorio v. Abington Mut. Fire Ins. Co., 402 A.2d 745, 747 (R.I. 1979); Malo v. Aetna Cas. and Surety Co., 459 A.2d 954 (R.I. 1983). In light of this principle, the Rhode Island Supreme Court has held that limitations periods contained in insurance contracts are enforceable and are binding upon the parties. DiIorio, 402 A.2d at 747 ("A 1-year limitations period in an insurance policy is a term to which the parties are specifically bound"). See also Hay v. Pawtucket Mut. Ins. Co., 824 A.2d 458, 460 (R.I. 2003) (per curiam) (noting that "[w]e have long adhered to the validity of limitations periods in insurance contracts," the court granted summary judgment for the insurer

on the ground that the plaintiff's breach of contract claim was time-barred by the limitations period in the policy); Greater Providence Trust Co. v. Nationwide Mut. Fire Ins. Co., 355 A.2d 718, 720 (R.I. 1976). The limitations period in an insurance contract runs from the date of the loss. See DiIorio, 402 A.2d at 748.

In this case, the Policy contains the following explicit and unambiguous limitations period within which the Plaintiff was required to initiate any action against Vigilant:

> **Legal action against us**
> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. *You also agree to bring any action against us within one year after a loss occurs*, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

(Exhibit A, Policy at Y-5) (italics added).[1] The plain meaning of the foregoing language indicates that Plaintiff may not bring "any action" against Vigilant, regardless of whether it is couched as a breach of contract claim or a bad faith claim, unless it is filed within one year after the occurrence of the alleged loss. Despite this provision of the Policy, however, Plaintiff did not file this action until October 18, 2005 – more than two-and-a-half years after the alleged damage occurred to the Residence. Accordingly, Plaintiff is barred as a matter of law from pursuing his claims against Vigilant because he did not file the Complaint within one year of the date of the loss.

---

[1] Although a motion to dismiss brought under Rule 12(b)(6) ordinarily must be decided by the district court based upon the allegations asserted in the complaint, the First Circuit has repeatedly held that it is appropriate for the court to consider documents expressly linked to, or relied upon by, the allegations in the complaint. See Centro Medico Del Turabo, Inc. v. Feliciano de Melicio, 406 F.3d 1, 5 (1st Cir. 2005) (noting that the "tools [for deciding a motion to dismiss] include the complaint, [and] documents annexed to it or fairly incorporated into it"); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001) ("Under First Circuit precedent, when 'a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged),' then the court can review it upon a motion to dismiss.") (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)). Accordingly, where, as here, the allegations of the Complaint are wholly dependent upon and refer to the Policy, this Court may consider the Policy in deciding the pending motion.

However, even apart from the Policy's one year statute of limitations, the Plaintiff's claims have expired pursuant to the statutory limitations period. R.I. Gen. Laws § 27-5-3 applies to Rhode Island policies providing fire insurance coverage. This statute provides, in pertinent part, as follows:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with, and *unless commenced within twenty-four (24) months next after the inception of the loss.*

R.I. Gen. Laws § 27-5-3 (italics added). This language is incorporated into the Policy, which includes fire as one of the perils against which the Plaintiff is insured, pursuant to the Policy's "Conforming to State Law" provision, which provides that "[i]f any provision of this policy conflicts with the laws of the State you live in, this policy is amended to conform to those laws." (See Exhibit A, Policy at Y-2). Thus, even if the Court looks beyond the limitations period expressly stated in the Policy, the governing statute makes clear that the Plaintiff's claims expired on or about January 13, 2005 – two years after the alleged loss and over six months before he filed his Complaint.

In sum, the Plaintiff's claims expired long before he filed his Complaint. Counts I and II expired, at a minimum, on January 13, 2004 – one year after the alleged loss occurred, pursuant to the express language of the Policy, and more than a-year-and-a-half before he filed the Complaint. At the latest, however, Counts I and II expired pursuant to R.I. Gen. Laws § 27-5-3 on January 13, 2005 – two years after the alleged loss and well over six months before the Plaintiff initiated this action. Accordingly, Counts I and II should be dismissed with prejudice.

### B. **Count II Fails As A Matter Of Law Because Plaintiff Cannot Prevail On His Breach Of Contract Claim**

Count II of the Complaint seeks damages for Vigilant's alleged bad faith in refusing to make payments under the Policy. This claim, however, fails as a matter of law because the Rhode Island Supreme Court has consistently ruled that an insured cannot maintain a bad faith action when there has been no underlying breach of the insurance policy by the insurer. See, e.g., Zarrella v. Minnesota Mut. Life Ins. Co., 824 A.2d 1249, 1261 (R.I. 2003) ("Under Rhode Island law . . . a plaintiff first must show that he or she is entitled to recover on the contract before he or she can prove that the insurer dealt with him or her in bad faith."); Skaling v. Aetna Ins. Co., 799 A.2d 997, 1010 (R.I. 2002) ("[B]ad faith is established when the proof demonstrates that the insurer denied coverage or refused payment without a reasonable basis in fact or law for the denial."); Lewis v. Nationwide Mut. Ins. Co., 742 A.2d 1207, 1209 (R.I. 2000) ("Before a bad-faith claim can even be considered, a plaintiff must prove that the insurer breached its obligation under the insurance contract.").

In this case, Plaintiff's breach of contract claim is time-barred. Because Plaintiff can no longer recover on the Policy, Plaintiff's bad faith claim fails on its merits as a matter of law. Zarrella, 824 A.2d at 1261.

## IV. CONCLUSION

For the foregoing reasons, Defendant Vigilant Insurance Company submits that the Plaintiff's Complaint must be dismissed, with prejudice, as a matter of law.

VIGILANT INSURANCE COMPANY

By its Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
dalt@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 7th, 2005, a true and correct copy of the foregoing Memorandum of Law was served by U.S. mail, first-class postage prepaid, on:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904